IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEX and BETTY MOORE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-CV-10-JHP-SAJ |
| ) | |
| TRAVELERS INSURANCE COMPANY ) | |
| and AMERICAN COMMERCE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

Before the Court is Plaintiffs' Motion for Remand and Brief in Support (Docket No. 12) and Defendants' Response and Objection (Docket No. 13). Plaintiffs seek an order remanding this case to the District Court for Creek County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. In addition, Plaintiffs request an award of the fees and costs associated with pursuing their Motion. For the reasons set forth below, Plaintiffs' Motion is GRANTED in part and DENIED in part.

## Background

On December 9, 2003, Plaintiff Alex Moore was injured in an automobile accident. At the time of the accident, Plaintiff Alex Moore asserts that he was insured under policies issued by Defendants Travelers Insurance Company and American Commerce Insurance Company, which allegedly provide for uninsured motorist coverage. Plaintiff Alex Moore further asserts that following the accident, Defendants failed to deal fairly and in good faith with him by refusing to investigate or pay claims for payment made pursuant to his various insurance policies. As a result, on December 4, 2006, Plaintiffs Alex and Betty Moore filed a petition in the District Court of Creek County against Defendants for breach of contract and bad faith. In

their petition, Plaintiffs request actual and exemplary damages "in a sum in excess of $10,000."[1] (Pls.' Pet. 3.)

On January 5, 2007, Defendants removed the action to this Court on the basis of diversity jurisdiction. Plaintiffs, in turn, filed the instant Motion to Remand, challenging Defendants' assertion in their Notice of Removal that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

## Discussion

"Except as otherwise expressly provided...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States...embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants contend that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). The record in this case establishes that Plaintiffs are citizens of Oklahoma, Defendant Travelers Insurance Company is a citizen of Connecticut, and Defendant American Commerce Insurance Company is a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of [§ 1332]...a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Thus, the Court is left to determine whether the amount in controversy exceeds $75,000.

---

[1] Okla. Stat. tit. 12, § 2008(2) provides that "[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00), except in actions sounding in contract."

In *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995), the Tenth Circuit set forth the framework by which district courts in this circuit should measure whether the amount in controversy requirement has been satisfied:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" Moreover, there is a presumption against removal jurisdiction.

*Id*. at 873 (citations omitted) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). As *Laughlin* makes clear, the amount in controversy "must be affirmatively established on the face of either the petition or the removal notice." *Id*. Moreover, "at a minimum...the jurisdictional amount [must] be shown by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), cert. granted, 544 U.S. 998 (2005) and aff'd, 546 U.S. 132 (2005). As the Tenth Circuit observed in *Martin*, "defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the amount in controversy requirement, removal statutes are construed narrowly." *Id*. at 1289-1290.

As noted above, in their state court petition, Plaintiffs merely request damages "in a sum in excess of $10,000." (Pls.' Petition 3.) Thus, because the amount in controversy is not affirmatively established on the face of Plaintiffs' petition, Defendants bear the burden to set forth, in their Notice of Removal, sufficient underlying facts to support their assertion that the amount in controversy exceeds the jurisdictional limit. *See Barber v. Albertsons, Inc.*, 935 F.

Supp.1188, 1192 (N.D. Okla.1996) ("[T]he plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds [$75,000], but also facts underlying defendant's assertion.").

In support of their assertion that the amount in controversy in this action exceeds $75,000, Defendants note that Plaintiffs are seeking exemplary damages against Defendants. According to Defendants, "[p]ursuant to Oklahoma's punitive damages statute, when any plaintiff pleads entitlement to punitive (exemplary) damages, said Plaintiff is seeking recovery of, at a minimum, $100,000.00 of punitive damages." (Defs.' Notice ¶ 5.)  "Therefore, in addition to complete diversity existing among Plaintiffs and Defendants, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (Defs.' Notice ¶ 6.)

As Plaintiffs correctly note in their Motion to Remand, however, Defendants have misconstrued Oklahoma's statutory punitive damages statute, Okla. Stat. tit. 23, § 9.1, which simply provides that "[w]here the jury finds by clear and convincing evidence that...[t]he defendant has been guilty of reckless disregard for the rights of others...or...[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured...the jury...may award punitive damages in an amount not to exceed...$100,000." Okla. Stat. tit. 23, § 9.1(B). As other cases in this district have made clear, merely citing to Oklahoma's punitive damages statute, without more, does not satisfy the Tenth Circuit's requirement that a removing party "set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (citations omitted) (quoting *Gaus*, 980 F.2d at 567); *see Lightle v. Hartford Ins. Co. of Midwest*, No. 06-CV-0140-CVE-FHM, 2006 WL 1047061, *2 (N.D. Okla. April 19, 2006); *Ferguson v.*

*Progressive Direct Insurance Company*, No. 06-CV-0446-CVE-FHM, 2006 WL 2571853, at *3 (N.D. Okla. Sept. 5, 2006.); *Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1200 (N.D. Okla. 2004); *Maxon v. Texaco Refining and Marketing, Inc.*, 905 F. Supp. 976, 978-979 (N.D. Okla. 1995). Defendants' Notice of Removal sets forth no such facts in support of its conclusory allegation that Plaintiff's claims for punitive damages place in controversy an amount in excess of $75,000.

Moreover, the Court finds unpersuasive Defendants' argument that "invocation of punitive damages alone, regardless of the amount of actual damages at issue in the case, actually places in controversy a potential $100,000.00 recovery, because that amount is the maximum available under...[Okla. Stat. tit. 23, § 9.1(B)], regardless of how minimal actual damages may be in any case." (Defs.' Resp. 2.) Although the Court agrees with Defendants that § 1332 "does not require a showing that a plaintiff will actually recover an amount in excess of $75,000" (Defs.' Resp. 2), if the Court were to accept Defendants' logic, any time the damages requested in a case were not expressly limited to an amount equal to or less than $75,000, then the amount in controversy would exceed the jurisdictional minimum. Yet Defendants offer no explanation as to why Plaintiffs' request for actual damages, which is not subject to a $100,000 cap and is therefore effectively unlimited, would not then also trigger removal jurisdiction. Instead, "[t]he rationale of *Laughlin* contemplates that the removing party will perform an economic analysis of the alleged damages supported by underlying facts to establish the jurisdictional amount," *Lightle*, 2006 WL 1047061, at *2; *see also Johnson v. Wal-Mart Stores, Inc.*, 953 F. Supp. 351 (N.D. Okla. 1995), something Defendants have failed to do in this case.

In light of the presumption against removal and the requirement that removal statutes be narrowly construed, the Court concludes that Defendants have failed to present underlying facts

in their Notice of Removal sufficient to meet their burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs. As such, this Court lacks original subject matter jurisdiction over this action and must remand this case to state court pursuant to 28 U.S.C. § 1447(c).

In addition, Plaintiffs request that the Court "award fees and costs to Plaintiffs for having to seek...a remand." (Pls.' Mot. 6.) The Court recognizes that pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." However, as the U.S. Supreme Court recently noted:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, ___ , 126 S. Ct. 704, 711 (2005).

The Court finds that an award of attorney's fees would not be "just" under these circumstances. As Defendants note, no published opinions by the Tenth Circuit have addressed the particular issue raised in Plaintiff's Motion and there is conflicting authority on this issue in

lower courts.[2] Moreover, the Court's conclusion that Defendant failed to provide sufficient evidence to establish the requisite amount in controversy does not necessarily indicate that Defendants lacked an objectively reasonable basis for removal.  Finally, neither § 1447(c) nor the U.S. Supreme Court's decision in *Martin* mandate that a district court *must* require payment of attorney's fees.  Section 1447(c) leaves the decision of whether to award attorney's fees to the discretion of the Court.  *See Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1132 (10th Cir. 2001).  Under the circumstances present here, the Court declines Plaintiffs' request for fees and costs associated with the prosecution of its Motion to Remand.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for Remand and Brief in Support (Docket No. 12) is GRANTED in part and DENIED in part.  In particular, the Court grants Plaintiffs' request that this case be remanded to state court but denies Plaintiffs' request that they be awarded costs and fees associated with pursuing this Motion.  The Court hereby orders the Court Clerk to remand this action to the District Court in and for Creek County.

IT IS SO ORDERED this 30th day of March, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[2] Indeed, Defendants represent, and Plaintiffs do not challenge, that "cases are often removed, with or without objection, on this basis in the Western District [of Oklahoma]." (Defs.' Resp. 2.)